IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD DeWAYNE HENDERSON, § | | |
| # 441408, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-0747-M |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a *pro se* habeas corpus action filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner is incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

    Findings and Conclusions:  On April 13, 2010, Petitioner filed a petition for writ of habeas corpus. On April 16, 2010, the court notified Petitioner that he had not paid the $5.00 filing fee and that his request to proceed *in form pauperis* did not include the required certified statement of his inmate trust account. The order directed Petitioner to cure the deficiency within

thirty days and cautioned him that failure to comply with the order would result in a recommendation that the petition be dismissed for failure to prosecute. Petitioner failed to comply. By order filed May 26, 2010, the court *sua sponte* granted Petitioner an extension of twenty-one days to comply with the April 16, 2010 order. The court advised Petitioner that his failure to pay the $5.00 filing fee or submit a certified statement of the balance in his inmate trust account would constitute contumacious conduct and purposeful delay, justifying dismissal of his case for want of prosecution. As of the date of this recommendation, Petitioner has failed to comply. He has not paid the $5.00 filing fee or submitted a certified statement of the balance in his inmate trust account.

   Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

   When a litigant is barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions

would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). *See also Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (*per curiam*) (district court did not abuse its discretion in dismissing habeas corpus petition with prejudice, given federal inmate's record of contumacious conduct); *Curtis v. Quarterman*, 2009 WL 2351620, at 1-2 (5th Cir. 2009) (unpublished *per curiam*) (applying higher standard of review to § 2254 habeas case dismissed for want of prosecution).

In this case, Petitioner has a clear record of purposeful delay and contumacious conduct. This case has been pending for over two and one-half months since its initial filing. The court twice gave Petitioner an opportunity to cure the deficiencies in his case. In light of Petitioner's steadfast refusal to submit the $5.00 filing fee or a certified statement of the balance in his inmate trust account, a lesser sanction would not prompt diligent prosecution. Absent the $5.00 filing fee or a certified statement of the balance in his inmate trust account, the court is unable to conduct its preliminary screening function of Petitioner's claims. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Petitioner's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED June 30, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE